REESE ALLEN v. THE STATE.

No. 3225. Decided October 14, 1914.

**Automobile—Speeding—Public Road—Insufficiency of the Evidence.**

Where, upon trial of operating an automobile on a public road at a greater rate of speed than eighteen miles an hour, the evidence was insufficient to show that it was a public road, the conviction could not be sustained.

Appeal from the County Court of Wichita. Tried below before the Hon. C. B. Felder.

Appeal from a conviction of speeding an automobile on a public road; penalty, a fine of $10.

The opinion states the case.

*Carrigan, Montgomery & Britain,* for appellant.—On question of in-

sufficiency of evidence: Bell v. State, 62 Texas Crim. Rep., 242, 137 S. W. Rep., 670; Johnson v. State, 70 S. W. Rep., 83.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for operating an automobile on a public road in said county at a greater rate of speed than eighteen miles per hour.

The statute is, no automobile shall be driven or operated upon any public road at a greater rate of speed than eighteen miles an hour. (P. C., art. 815.)

There are but two questions necessary to be passed upon. The first, appellant claimed the evidence was insufficient to identify him as the party who operated the machine at the time and upon which this prosecution was based. We have read the evidence carefully and in our opinion the evidence was amply sufficient to show this. The other question is, appellant claims that there was no proof showing that the road upon which the automobile was run was a public road. As stated, we have carefully read the evidence. In our opinion the evidence is insufficient to show that it was a public road. Judge White, in section 796 of his Penal Code, correctly states how a road can be shown to be a public road and cites the cases.

Because the evidence does not establish that the automobile was operated upon a public road, this case must be reversed and remanded.

*Reversed and remanded.*